IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:20-cv-486<br><br>JURY TRIAL DEMAND |
| Plaintiff, | | |
| v. | | |
| HZ OPS HOLDINGS, INC., d/b/a/ POPEYE'S, | | |
| Defendant. | | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nicole Nash ("Nash"). As alleged with greater particularity in paragraphs 12-21 below, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant HZ Ops Holdings, Inc., d/b/a/ Popeye's ("Defendant Employer") violated the ADA when it rescinded its job offer to Nash because of disability and failed to provide Nash a reasonable accommodation of having her job coach present during training.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Employer, a Delaware foreign for-profit corporation, has continuously been doing business in the State of Indiana and the City of Griffith, Indiana, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Nash filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On August 28, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. Between August 28, 2020 and October 22, 2020, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practice described in the Letter of Determination referenced above in paragraph 8.

10. On October 22, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about August 24, 2019, Defendant Employer engaged in unlawful employment practices at its Griffith, Indiana restaurant in violation of Sections 102(a), 102(b)(1), 102(b)(3), and 102(5)(A) of Title I of the ADA, 42 U.S.C. § 12112, when it discriminated against Nash.

13. During the relevant time, Nash was a qualified individual with a disability under Sections 3 and 101 of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Nash has lifelong intellectual and learning impairments which result in a slower learning process for her. These impairments substantially limit the major life activity of learning and also substantially limit the operation of Nash's neurologic major bodily function. With the reasonable accommodation of a job coach during training, Nash was qualified to perform the essential functions of the Prep & Customer Service ("prep") position at Defendant Employer's Popeye's restaurant in Griffith, Indiana.

14. Defendant Employer was aware of her impairments and resulting limitations.

15. With her Goodwill Industries employment specialist present, Nash applied and interviewed for a prep position at Defendant Employer's Popeye's restaurant in Griffith, Indiana on or about August 8, 2019.

4

16. Defendant Employer's Store Manager Shaun Erksin hired Nash immediately after her interview and provided Nash with onboarding documents, including forms for Employee Direct Deposit Authorization, Consent to receive W-2 Electronically, Crew Member handbook, and tax withholding.

17. Erksin was aware of the need for and granted Nash's request for the reasonable accommodation of permitting Nash's employment specialist to stay in the lobby in case Nash had any questions or concerns initially during training. Erksin told Nash and the employment specialist that she would provide them with a start date after she received Nash's employee identification number from her District Manager, Debra Dianco.

18. In the weeks that followed Nash's hire, the employment specialist followed up with Erksin to determine Nash's start date. The first time, Erksin told the employment specialist that she was waiting on her District Manager Dianco. The final time the employment specialist spoke with Erksin on or about August 24, 2019, Erksin told the employment specialist that Defendant Employer could not hire Nash because District Manager Dianco said Nash could hurt herself.

19. On notice of Nash's impairment, Defendant Employer without any factual basis, concluded that Nash might hurt herself in the kitchen and rescinded its job offer.

20. Defendant Employer also failed to reasonably accommodate Nash by allowing an employment specialist to be present in the lobby of the restaurant during initial training.

21. Defendant Employer failed to engage in the interactive process with Nash to explore if Nash could have performed the essential job functions of a prep position with or without reasonable accommodation.

22.	The effect of the practices complained of in paragraphs 12-21 above has been to deprive Nash of equal employment opportunities and otherwise adversely affect her status as an applicant because of her disability.

23.	The unlawful employment practices complained of in paragraphs 12-21 above were intentional.

24.	The unlawful employment practices complained of in paragraphs 12-21 above were done with malice or with reckless indifference to the federally protected rights of Williamson

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from employment practices that discriminate against employees on the basis of disability, including failure to hire intellectual and learning disabled applicants and failure to provide the reasonable accommodation of permitting job coach assistance during training.

B.	Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees and applicants, attorneys, and all persons in

active concert or participation with it, from failing to engage in the interactive process to accommodate the known disabilities of its employees.

  C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant Employer to make whole Nash by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

  E. Order Defendant Employer to make whole Nash by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-21 above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Nash punitive damages for its malicious and reckless conduct, as described in paragraphs 12-21 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507


KENNETH L. BIRD
Regional Attorney

NANCY D. EDMONDS
Supervisory Trial Attorney


/s/ Robin M. Lybolt
_____
Robin M. Lybolt (#20999-30)
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Robin.Lybolt@eeoc.gov
463-999-1195