UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause no. 2:20-cv-486 |
| HZ OPS HOLDINGS, INC., D/B/A/ ) | |
| POPEYE'S, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Rule 12(f) Motion to Strike [DE 18] filed by the plaintiff, Equal Employment Opportunity Commission, on April 13, 2021. It is hereby ordered that the Rule 12(f) Motion to Strike be **GRANTED.**

*Background*

On December 31, 2020, the plaintiff, Equal Employment Opportunity Commission, initiated this action against the defendant, HZ Ops Holdings, Inc. d/b/a/ Popeye's, alleging unlawful employment practices. On March 10, 2021, the defendant filed its Answer [DE 12] which contained twelve affirmative defenses.

On March 26, 2021, the plaintiff filed a Motion to Strike Affirmative Defenses 1-4, 7-9, and 11-12 [DE 13]. In response to the motion, the defendant filed its Amended Answer [DE 15] on March 26, 2021. The Amended Answer eliminated one affirmative defense while the other eleven remained unchanged.

The plaintiff has now filed its second Motion to Strike requesting that the court strike the following affirmative defenses included in the defendant's Amended Answer:

1. To any extent that Defendant has not expressly admitted any allegation of Plaintiff's Complaint, it denies them all.

2. The employment decisions Plaintiff challenges were based on reasonable business factors unrelated to any disability.

3. Plaintiff fails to state a *prima facie* case of employment discrimination.

4. To any extent that Plaintiff states a *prima facie* case of employment discrimination, all of Defendant's conduct regarding Nash relied entirely on legitimate, non-discriminatory, and non-retaliatory reasons.

7. Nash and Plaintiff refused to engage in an interactive process with Defendant to works [sic] towards a reasonable accommodation for her alleged disabilities.

8. Plaintiff failed to comply with the prerequisites to filing suit under 42 U.S.C. § 2000e-5 and applicable regulations.

11. Defendant reserves the right to add or amend its affirmative defenses as facts become known through discovery.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 12(f)**, "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. **Heller Fin., Inc. v. Midwhey Powder Co., Inc.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Doe v. Brimfield Grade School**, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. **Talbot v. Robert Matthews Distrib. Co.**, 961 F.2d 654, 665 (7th Cir. 1992).

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." **Heller**, 883 F.3d at 1294. Statements contained in a complaint must give the defendant notice of the claim against it and contain enough facts that the relief is plausible on its

2

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement so that the plaintiff is given notice of any shortcomings in the complaint. *Tooley v. Wash. Group Int'l, Inc.*, 2009 WL 5511212, at *7 (C.D. Ill. 2009). Affirmative defenses "must set forth a 'short plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Davis*, 592 F.Supp.2d at 1058 (citing *Heller*, 883 F.2d at 1294). However, affirmative defenses can be inferred from the pleadings. *Markel Ins. Co. v. United Emergency Med. Servs.*, 2017 WL 942723, at *3 (N.D. Ind. Mar. 10, 2017); *David v. Elite Mortgage Services, Inc.*, 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2009) ("Such motions [to strike] will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings'")(citing *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)) (internal citations and quotations omitted).

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin*, 883 F.2d at 1294. As such, affirmative defenses must set forth a "short and plain statement" of each defense pursuant to Federal Rules of Civil Procedure 8(a). *Heller Fin,* 883 F.2d at 1294. Affirmative defenses allow defendants to avoid liability even if plaintiffs can prove all the individual elements of their claim. *Eastgate Investments I, LLC v. MW Builders, Inc.*, 2020 WL 1887936, at *1 (N.D. Ind. April 15, 2020). Because of this, affirmative defenses must "be adequately pled to put a plaintiff on notice of the defense." 2020 WL 1887936, at *2.

As to the defendant's first affirmative defense, the plaintiff argues that the defendant is seeking to circumvent the Federal Rules of Civil Procedure by circumventing any failure to

3

properly admit or deny the allegations in the complaint. The defendant claims that affirmative defense one serves as a general denial of all allegations that have not been specifically admitted. The defendant relies on **Federal Rule of Civil Procedure 8(b)(3)** which states that "a party that intends in good faith to deny all allegations of a pleading – including the jurisdictional grounds – may do so by a general denial. A party that does not intend to deny all allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."

The defendant's interpretation of Rule 8(b)(3) is incorrect. Rule 8(b)(3) applies to how each allegation in a complaint is to be properly admitted or denied. Rule 8(c), on the other hand, applies to affirmative defenses.  Nonetheless, a general denial of all allegations is not an affirmative defense. *See* **Malibu Media, LLC v. Doe,** 2013 WL 4048513, at *4 (N.D. Ind. Aug. 9, 2013) (citing **Thomas v. Exxon Mobil Corp.**, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009) (finding that "it is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint")). Accordingly, the court **STRIKES** the defendant's first affirmative defense.

Next the plaintiff argues that the second, third, fourth, and seventh affirmative defenses are "bare bones conclusory allegations" and therefore, fall short of what is required to put a party on notice pursuant to Rule 8(c).

The Seventh Circuit has not yet decided whether the pleading standard for a complaint set forth in **Bell Atlantic v. Twombly,** 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and **Ashcroft v. Iqbal,** 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses.  *See* **Cottle**, 2012 WL 266968 (providing extensive discussion of the issue and citing supporting cases). However, "factual

4

allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient, and bare bones affirmative defenses have always been insufficient." **Eastgate Investments**, 2020 WL 1887936, at *1 (internal citations and quotations omitted).

The defendant acknowledges that the Seventh Circuit has yet to decide whether the "plausibility" standard applies to affirmative defenses and points to the Seventh Circuit's determination in **Heller** that an affirmative defense that "omit[s] any short and plain statement of facts and fail[s] totally to allege the necessary elements of the alleged claims" is deficient and properly stricken. **Heller Fin**, 883 F.2d at 1295. The defendant claims that the second and fourth affirmative defenses allege the elements required to rebut a *prima facie* claim of discrimination and argues that the facts supporting these defenses are for determination during discovery. Lastly, the defendant claims that since it bears the burden of proving the second and fourth affirmative defenses, it has fulfilled the test articulated by the Seventh Circuit in **Winforge, Inc. v. Coachmen Indus., Inc.**, 691 F.3d 856, 872 (7th Cir. 2012).

In **Winforge**, the Seventh Circuit identified two approaches for determining whether a defense, not specifically enumerated in Rule 8(c), is an affirmative defense: (1) if the defendant bears the burden of proof under state law or (b) if it does not controvert the plaintiff's proof. **Winforge**, 691 F.3d at 872. While the defendant is correct that it bears the burden of proving affirmative defenses two and four, that does not eliminate the pleading requirements of an affirmative defense. The defendant's second and fourth affirmative defenses are bare bones conclusory allegations that contain no factual support. *See* **Do It Best Corp. v. Heinen Hardware, LLC**, 2013 WL 3421924 (N.D. Ind. Jul. 8, 2013) (finding that "by not providing any factual support, Defendants also fail to give Plaintiff notice as to how the defenses apply"). Therefore, the court **STRIKES** affirmative defense two and four and for the same reasons, **STRIKES** the

5

defendant's third and seventh affirmative defenses.

The defendant's eighth affirmative defense states that the "[p]laintiff failed to comply with the prerequisites to filing suit under 42 U.S.C. § 2000e-5 and applicable regulations." The plaintiff argues that this affirmative defense does not satisfy the pleadings requirements of Rule 9(c) which mandate that parties alleging a failure to fulfill a condition precedent to filing suit must do so with particularity. The defendant claims that since it is alleging an absence, no facts beyond the absence itself suffice to adequately plead an absence of a condition precedent, but also claims that this affirmative defense articulates a factual dispute subject to evidentiary development through discovery.

**Rule 9(c)** states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." In ***Manago v. Auto-Owners Insurance Company***, 2018 WL 17404465, at *2 (N.D. Ind. April 9, 2018), the court struck the defendant's affirmative defense which stated that the "plaintiff failed to comply with all conditions precedent and/or subsequent to covered under the Auto-Owners Policy" because the "[d]efendant neither identifi[ed] any unmet condition nor explain[ed] how [the] [p]laintiff failed to meet it … [therefore] because th[e] affirmative defense d[id] not deny with particularity that the condition precedent [] occurred, it does not comply with Rule 9(c)".

The defendant's argument that including facts as to how the plaintiff failed to comply with the prerequisites to filing suit under 42 U.S.C. § 2000e-5 and applicable regulations is subject to evidentiary development through discovery is not convincing.  The defendant must have a good faith basis for asserting an affirmative defense, and if the defendant does not have the facts to assert that the plaintiff failed to comply with the prerequisites to filing suit under 42 U.S.C. § 2000e-5 at this time, not only is it unlikely to be uncovered through discovery but it also fails to fulfill the

6

pleading requirements under Rule 9(c). Accordingly, affirmative defense eight is hereby **STRICKEN**.

Lastly, the plaintiff argues that affirmative defense eleven, which states that the "[d]efendant reserves the right to add or amend its affirmative defense as facts become known through discovery," is not an affirmative defense. The defendant acknowledges that it is not an affirmative defense but argues that it should not be struck because it serves to put the plaintiff on notice of the possibility of a further motion to amend pursuant to Rule 15(a).

A reservation to assert additional affirmative defenses is not an affirmative defense. *See McDowell*, 2015 WL 2131606, at *2. The parties may request leave of court to amend their pleadings in the future. **Federal Rule of Civil Procedure 15**. Accordingly, the court **STRIKES** affirmative defense eleven.

For the foregoing reasons the Plaintiff's Motion to Strike Affirmative Defenses Nos. 1-4, 7-8, and 11 [DE 18] is **GRANTED.**

ENTERED this 9th day of June, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge