IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,     )<br>)<br>Plaintiff,     )<br>)<br>v.     )<br>)<br>HZ OPS HOLDINGS, INC d/b/a POPEYES,     )<br>)<br>Defendant.     ) | No. 2:20 CV 486 |

## OPINION and ORDER

This action was initiated by the Equal Employment Opportunity Commission (EEOC) against defendant EZ OPS Holdings, Inc., d/b/a Popeyes, to correct defendant's alleged unlawful failure to reasonably accommodate Nicole Nash (a qualified individual with a life-long intellectual/cognitive disability) by allowing her a job coach during her training at defendant's Griffith, Indiana Popeye's restaurant. (DE # 1; DE # 38.) This matter is now before the court on the parties' amended joint motion for entry of a consent decree. (DE # 38.) For the reasons that follow, the court will grant the motion.

On December 31, 2020, after investigating and unsuccessfully attempting to informally resolve the EEOC's pre-suit determination that reasonable cause for a violation existed, the EEOC filed its complaint against defendant under Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b), and Title I of the Civil Rights Act of 1991. (DE # 1, DE # 38.)

After exchanging written discovery and after the EEOC deposed defendant's store manager, human resources generalist, and operations manager, the parties

worked to resolve this matter without the burden and expense of further litigation. (DE # 38 at 3.) The parties moved for entry of a joint consent decree, which this court denied without prejudice and with leave to re-file. (DE ## 36, 37.) The parties filed an amended joint motion for entry of their consent decree, which is now before the court. (DE # 38.)

"A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). However, "a federal court is more than 'a recorder of contracts' from whom parties can purchase injunctions[.]" *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation omitted). Pursuant to *Local No. 93*, a district court is required to determine whether a proposed consent decree "(1) springs from and serves to resolve a dispute within the court's subject matter jurisdiction; (2) comes within the general scope of the case made by the pleadings; and (3) furthers the objectives of the law upon which the complaint was based." *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 383 (7th Cir. 2019) (cleaned up).   The court must satisfy itself that "the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987). Furthermore, "the district court must determine whether a proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). In making its "fairness" determination, the court should consider: "a comparison of the strengths of plaintiffs' case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount

of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Id.* "The first-listed factor is the most important." *Id.*

This court has considered the filings by the parties, as well as the history in this case, and is satisfied that the parties' proposed consent decree satisfies the *Local No. 93* factors. Moreover, the court is satisfied that the proposed consent decree is consistent with applicable law, does not undermine the rightful interests of third parties, is an appropriate commitment of the court's limited resources, and is fair, reasonable, and adequate.

Accordingly, the court **GRANTS** the parties' amended joint motion for entry of their consent decree. (DE # 38.) The court **ENTERS** the attached decree.

**SO ORDERED.**

Date: March 22, 2022

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT